IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DIANA M. AVILA,                             )
                                            )
                Plaintiff,                  )    TC-MD 190268R
        v.                                  )
                                            )
DEPARTMENT OF REVENUE,                      )
State of Oregon,                            )
                                            )
                Defendant.                  )    **DECISION**

Plaintiff appealed Defendant's Written Objection Determination Notice of Refund

Denial, dated May 15, 2019, for the 2018 tax year. A telephone trial was held on January 15,

2020. Diana M. Avila (Avila) appeared and testified on her own behalf. Tricia Zuniga appeared

on behalf of Defendant but did not testify. Defendant's Exhibits A to G were admitted into

evidence without objection.

## I. STATEMENT OF FACTS

Avila filed her 2018 state income tax return claiming head of household filing status with

one qualifying dependent. (Ex G at 1.) She worked full-time during part of that year for

Cascade Health Alliance. She testified that she paid Liz Lariz (Lariz) for childcare services

during the 2018 tax year so that she could work. For the 2018 tax year, Avila claimed a Working

Family Household and Dependent Care Credit (WFHDC) based on childcare payments she made

to Lariz in the amount of $5,500. (Ex B.)

Avila testified that she paid Lariz in cash for childcare services and prepared

contemporaneous receipts, which were not signed by Lariz, showing payments totaling $3,967.

(Ex D.) Of those amounts $128 represented payment for food and entertainment. Avila also

presented bank statements as evidence of contemporaneous cash withdrawals corresponding to

the receipt dates. (Ex E.) The receipts and cash withdrawals identified in the bank statements match in all instances except for the receipt for December 28, 2018, in the amount of $200 that had no corresponding cash withdrawal.

Avila presented a "Child Care Provider Statement" form OR-PS purportedly signed by Lariz, dated April 8, 2019, stating that Avila paid $5,500 in cash for childcare services during the 2018 tax year. (Ex B.) Avila explained that the difference between the receipts she provided to Defendant and the amount contained on her OR-PS form represented payments she made to attend interviews, for which she now understands cannot be used to claim the WFHDC credit. It is for that reason that she did not supply evidence of the full $5,500 to Defendant or at trial. Defendant denied Plaintiff the WFHDC credit citing inability to verify payments for childcare services. (Ex A at 7, 8.)

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to claim a credit under ORS 315.264[1] for the 2018 tax year based on childcare expenses she incurred in order to work.

ORS 315.264(1)(a) provides a credit against tax otherwise due under ORS chapter 316 "in an amount equal to a percentage of employment-related expenses of a type allowable as a credit pursuant to section 21 of the Internal Revenue Code * * *."[2] The employment-related expenses for which a credit may be claimed are limited to $12,000 for one "qualifying individual" or $24,000 for two or more "qualifying individuals." ORS 315.264(1)(c)(B). The credit depends on the taxpayer's federal adjusted gross income and the age of the youngest child. ORS 315.264(2). Plaintiff bears the burden of proof and must establish her case by a

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[2] IRC section 21 allows a credit for expenses for care of qualifying dependents that "enable the taxpayer to be gainfully employed."

"preponderance" of the evidence. ORS 305.427.

In this case there is no dispute that Avila's work, income, or filing status makes her eligible for the credit. Nor does Defendant dispute that she had a qualifying dependent child who received childcare services. The issue is whether Avila has sufficient proof of her expenses.

Taxpayers are required to "maintain all records that are necessary to a determination of the correct tax liability." OAR 150-314-0265(2)(a). Further, "required records shall be made available on request by the department or its authorized representatives * * *." *Id.* For the WFHDC credit, records of payments to a care provider must include "evidence that an expense was paid on a certain date to a specific individual or entity by [the taxpayer]." *Shirley v. Dept. of Rev.*, TC–MD 130451D, 2014 WL 811543 at *3 (Or Tax M Div Mar 3, 2014). Typically, that evidence is supplied by canceled checks, and the lack of canceled checks "is one of the most significant challenges facing a cash-basis taxpayer." *Id.* In the absence of canceled checks, adequate substantiation may be provided by "contemporaneous, signed receipts that include the date, the name of the individual who paid cash, and the amount paid." *Stade v. Dept. of Rev.*, TC–MD 150369N, 2016 WL 282206 at *4 (Or Tax M Div Jan 21, 2016). In rare cases, bank statements may substantiate some portion of a claimed credit when they are closely correlated with persuasive testimony and non-contemporaneous receipts. *Danielson v. Dept. of Rev.*, TC–MD 180154G, 2018 WL 4944537 at *2 (Or Tax M Div Oct 10, 2018).

Avila's testimony indicated that her care provider might not have been legally authorized to work in this country and would not assist her in claiming the credit for fear of consequences. Defendant denied the credit for lack of documentation because the provider was not the one who prepared and signed receipts. However, Avila creditably testified that she maintained contemporaneous receipts for her own recordkeeping purposes. Those receipts matched cash

withdrawals on her bank statements made on the same date. Further, those withdrawals were made in regular intervals supporting Avila's claim of ongoing childcare expenses. The court finds that Avila has substantiated $3,639 in allowable childcare expenses. The court disallows the cash payment on December 28, 2018, in the amount of $200 because there is no evidence of a contemporaneous cash withdrawal. The court also denies the $128 for food and entertainment which are not allowable as a childcare expense.

### III. CONCLUSION

After carefully considering the testimony and evidence presented, the court concludes that Plaintiff has presented sufficient evidence of childcare expenses, that allowed Avila to work, totaling $3,639 in the 2018 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that for the 2018 tax year, Defendant shall recalculate Plaintiff's refund based on $3,639 in payments for childcare under ORS 315.264.

Dated this ___ day of May 2020.

 

RICHARD DAVIS
MAGISTRATE


*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on May 13, 2020.*